IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

In re: Konota A. Gaskins Litigation )    Civil Action No. 08-1499

MEMORANDUM ORDER

Gary L. Lancaster,
District Judge.                          October, 31 2008

Before the court are plaintiff's motion for leave to proceed in forma pauperis and pro se complaint. For the reasons that follow, plaintiff's motion will be granted, and his complaint dismissed.

I. BACKGROUND

Plaintiff has named approximately 120 separate defendants. The individual defendants range from former United States Senator Rick Santorum to the Superintendent of Pittsburgh Public Schools. He also names several state, federal, and municipal agencies, several churches, and other non-profit agencies. Plaintiff's pro se complaint is, for the most part, incomprehensible; however, he appears to allege the existence of a massive conspiracy of corruption among the defendants surrounding a redevelopment project in the East Hills section of Pittsburgh, Pennsylvania.

II. DISCUSSION

A. Motion for Leave to Proceed In Forma Pauperis

We first address plaintiff's motion for leave to proceed in forma pauperis.

Congress has authorized the federal courts to allow a party to proceed with the commencement, prosecution, or defense of an action in forma pauperis. 28 U.S.C. § 1915(a). In doing so, Congress recognized the public policy concern that persons who are unable to pay fees or give security should be permitted to prosecute or defend actions that affect their legal rights. Because it appears that plaintiff is unable to pay the costs associated with commencing this action, we will grant him leave to proceed in forma pauperis.

B. Complaint

Next, we turn to plaintiff's complaint.

In enacting section 1915, Congress granted the courts an extra measure of authority when evaluating an in forma pauperis action. Under that section, the court shall dismiss such an action if it determines any of the following: (1) that the action is frivolous or malicious; (2) that the action fails to state a claim on which relief may be granted; or (3) that the action seeks monetary relief against a defendant who is immune from such relief. Id. at §§ 1915(e)(2)(b)(i), (ii), (iii). If it so finds, the court may dismiss a claim sua sponte, even before the summons issues. Johnstone v. United States, 980 F. Supp. 148, 150 (E.D.Pa. 1997).

A complaint fails to state a claim if, with all well-pleaded allegations taken as true, and viewed in the light most favorable to plaintiff, it does not state any valid claim for relief. See ALA, Inc. v. CCAIR, Inc., 29 F.3d 855, 859 (3d Cir. 1994). Further, a complaint is frivolous if it is "based on an indisputably meritless legal theory," or sets forth "clearly baseless" factual contentions. Neitzke v. Williams, 490 U.S. 319, 327 (1989). Moreover, a complaint is baseless or frivolous, as a matter of law, if the defendant is immune from suit. See id.; 28 U.S.C. § 1915(e)(2)(B)(iii). This is clearly such a case.

III. CONCLUSION

For the foregoing reasons, the court will grant plaintiff's motion for leave to proceed in forma pauperis, but will dismiss his complaint as frivolous and as failing to state a claim on which relief may be granted.

An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

In re: Konota A. Gaskins Litigation )   Civil Action No. 08-1499

## ORDER

AND NOW, this **31st** day of October, 2008, upon consideration of plaintiff's motion for leave to proceed in forma pauperis, said motion is hereby GRANTED. It is FURTHER ORDERED that plaintiff's complaint is hereby DISMISSED, with prejudice.

BY THE COURT:

_____ J.

cc: Konota A. Gaskins
    1634 Lime Hollow Road
    Pittsburgh, PA 15235